**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Markley LLC, Markley Management, Inc., Markley Network Services LLC, Markley Cloud Services LLC,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendants Markley LLC, Markley Management, Inc., Markley Network Services LLC, Markley Cloud Services LLC (collectively "Defendants" or "Markley") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of

Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Markley, LLC is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Markley LLC can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Markley Management, Inc. is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Markley Management, Inc. can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. On information and belief, Markley Network Services LLC is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Markley Management, Inc. can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6. On information and belief, Markley Cloud Services LLC is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, Markley Management, Inc. can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. On information and belief, Defendants work together to form a joint enterprise responsible for owning, managing, and operating the Markley Group portfolio of data centers. For example, Markley, LLC has submitted a trademark application for MARKLEY, and also operates the Markley Group website that advertises the Markley data centers.[1] On information and belief,

[1] https://www.markleygroup.com/terms-of-use

Markley Management, Inc. is responsible for managing the Markley Group data center properties and is the owner of and controls various other LLCs that are involved in the specific data center properties in Massachusetts. On information and belief, Markley Network Services LLC and Markley Cloud Services LLC are involved in the services and operations of the Markley Group data center properties.

## ASSERTED PATENTS

8. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the ’287 Patent); 6,868,682 (the ’682 Patent); and 6,718,277 (the ’277 Patent).

9. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

10. The ’287 Patent, entitled “Cooling System,” was duly and lawfully issued on February 15, 2005. A true and correct copy of the ’287 Patent is attached hereto as Exhibit 1.

11. The ’287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12. The ’682 Patent, entitled “Agent Based Control Method and System for Energy Management,” was duly and lawfully issued on March 22, 2005. A true and correct copy of the ’682 Patent is attached hereto as Exhibit 2.

13. The ’682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

14. The ’277 Patent, entitled “Atmospheric Control Within a Building,” was duly and lawfully issued on April 6, 2004. A true and correct copy of the ’277 Patent is attached as Exhibit 3.

15. The ’277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the ’277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

16. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18. Defendants built and operated two data centers in this District.[2] On information and belief those data center facilities are located at One Summer Street, Boston, MA 02110, and One Markley Way, Lowell, MA 01852.

19. This Court has personal jurisdiction over Defendants. Defendants maintain their principal places of business in this District. This Court therefore has general jurisdiction over Defendants.

20. Specific personal jurisdiction is also appropriate because Defendants built and operated two data centers in this District that performed methods of cooling that infringed the Asserted Patents. Defendants have maintained offices, employees, and business operations in Massachusetts, and has therefore purposefully availed themselves of the privileges of conducting business in Massachusetts and has minimum contacts with Massachusetts. The exercise of personal jurisdiction is proper under the Massachusetts long-arm statute, and consistent with the Due Process Clause.

[2] https://www.markleygroup.com/data-center

21. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendants have regular and established places of business in this District at its data center facilities. On information and belief, Defendants have committed acts of infringement in this District at its data center facilities.

## DEFENDANTS' DATA CENTERS AND INFRINGING CONDUCT

22. Defendants own and operate two large colocation data centers, both of which are in this District.[3] Defendants' data centers implement cooling equipment from various suppliers, and Defendants used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

23. In particular, Defendants used cooling equipment from Vertiv in their data centers. Publicly available information shows that Defendants' Lowell data center uses Vertiv's Liebert DSE CRAC units for cooling:[4]

MARKLEY

- In addition to the superior infrastructure and coverage network, Lowell is home to a world class data center facility developed in 2015 by the Markley Group.
- Markley is the premier provider of mission critical data center and colocation services in New England and counts Amazon Web Services (AWS) as a client in its Boston facility, making the Amazon network easily accessible from Lowell.
- The fifteen acre, 350,000 square foot high-security mission critical campus is located just blocks from the Lowell Connector, and less than two miles from the Riverview Business Park campus.
- The facility provides 2N electrical infrastructure from diverse utility substations to the UPS systems and then to the rack. 2.5MW generators are also configured 2N and an onsite fuel supply is maintained sufficient for 72 hours at 2N or 37 hours at N. Highly efficient pumped refrigerant Liebert DSE CRAC units support the data halls in an N+1 configuration and provide free cooling at 55 degrees. Containment options are available for high density applications.

---

[3] https://www.markleygroup.com/data-center

[4] Amazon-HQ2-Billerica-Tewksbury-Lowell-Middlesex-3.pdf

24. Defendants also used cooling equipment from Schneider Electric in their data centers. For example, a photograph from Defendants' website shows Schneider Electric's Uniflair cooling system in one of its data centers[5]:




25. Defendants also used cooling equipment from Trane in their data centers. For example, a video shows installation of Trane cooling equipment in Defendants' data center facilities:



[6]

26. On information and belief, Defendants may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that

[5] https://www.markleygroup.com/data-center
[6] https://www.youtube.com/watch?v=LIHDpkq2A3o&t=139s at 2:19.

infringe the Asserted Patents, including, for example, Stulz and DataAire. On information and belief, Defendants may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

27. Valtrus notified Defendants of their infringement of its patent portfolio relating to data center technologies and has sought to resolve this dispute outside litigation prior to bringing this case.

28. On January 9, 2025, Valtrus's counsel sent a letter to Markley Group's Chief Executive Officer, Jeffrey Markley, about Valtrus's patent portfolio and offering an opportunity to license Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the '287 Patent, the '682 Patent, and the '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by Defendants in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with Defendants to confirm the scope and extent of Defendants infringement.

29. Defendants did not respond.

30. Because Defendants have refused to engage with Valtrus's requests to resolve this dispute without litigation and have not provided any additional information about the cooling equipment used in their data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

31. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

32. The ’287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

33. Defendants infringed the ’287 Patent by performing methods of cooling their data centers prior to the expiration of the ’287 Patent. As described above, Defendants used cooling equipment and control software from at least Schneider Electric and Trane[7] to cool their data centers, and may have also used other cooling equipment from Stulz and DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendants used or may have used these products to infringe claim 1 of the ’287 Patent are attached as Exhibits 4-6.

**<u>SECOND CLAIM</u>**

**(Infringement of the ’682 Patent)**

34. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

35. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

36. Defendants infringed the ’682 Patent by performing methods of cooling their data centers prior to the expiration of the ’682 Patent. As described above, Defendants used cooling equipment and control software from at least Vertiv, Schneider Electric and Trane to cool their data centers, and may have also used other cooling equipment from Stulz and DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting

[7] Valtrus is not asserting the ’287 Patent based on Defendants’ use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases.

how Defendants used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 7-10.

**THIRD CLAIM**

**(Infringement of the ’277 Patent)**

37. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

38. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

39. Defendants infringed the ’277 Patent by performing methods of cooling their data centers prior to the expiration of the ’277 Patent. As described above, Defendants used cooling equipment from at least Schneider Electric to cool its data centers, and may have also used other cooling equipment and software from Automated Logic, Nlyte, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Defendants used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 11.

**PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against Markley, as follows:

A. That Markley has infringed each of the Asserted Patents;

B. That Markley pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Markley pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Markley pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Connor S. Houghton*

Connor S. Houghton (BBO #698476)
Natalie Griffin (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Patrick Colsher (*pro hac vice forthcoming)*
Sean M. McCarthy (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz (*pro hac vice forthcoming)*
Aaron Morris (*pro hac vice forthcoming)*
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

*Attorneys for Plaintiffs*